| JANICE CLABORNE AND | * | NO. 2023-CA-0182 |
| SHERYL JONES | | |
| | * | COURT OF APPEAL |
| VERSUS | | |
| | * | FOURTH CIRCUIT |
| THE HOUSING AUTHORITY | | |
| OF NEW ORLEANS | * | STATE OF LOUISIANA |
| | * | |
| | * | |

* * * * * * *

**LOBRANO, J., CONCURS IN PART, DISSENTS IN PART, AND ASSIGNS REASONS**

I concur in part in that I would also affirm the district court's denial of HANO's cross motion for partial summary judgment on the issue of liability. I respectfully dissent in part in that I would reverse the district court's granting of Plaintiffs' motion for partial summary judgment on the issue of liability and find that the district court wrongly rendered Summary Judgment against HANO, finding it liable as a matter of law.

This class action case involves not only lease agreements between the Housing Authority of New Orleans ("HANO") and Plaintiffs but also Resident Management Agreements ("RMAs") between HANO and Guste Homes Resident Management Corporation and B.W. Cooper Residence Management Corporation (collectively "the RMCs") pertaining to their respective public housing developments.

The lease agreements obligate HANO to "maintain the dwelling unit and the project in a condition that is decent, safe, sanitary, and in good repair . . . complying with the requirements of applicable building codes, housing codes, Uniform Physical Condition Standards and other HUD regulations materially affecting health and safety." The RMAs obligate HANO to perform non-routine and extraordinary repairs while the RMCs are obligated to perform routine

1

inspections and maintenance "repairing any damage to the Development to ensure that the Development is kept in a decent, safe and sanitary condition" and "to enforce all rules, regulations and procedures applicable to public housing" including applicable "policies, and procedures promulgated by HUD or HANO . . . in accordance with HQS/UPSI, PHAS or alternate policy and in accordance with all local building and housing codes." Plaintiffs allege that the RMCs assumed a duty and/or were obligated to the tenants as third party beneficiaries under the RMAs to maintain their apartments in a safe living condition, including a mold-free environment.

While the district court found HANO was liable for class-wide breaches to Plaintiffs on summary judgment, the Summary Judgment and the majority opinion omit any discussion on the potential liability of the RMCs or address or make a determination regarding the relationship between HANO and the RMCs or the duties that HANO and the RMCs undertook in their respective capacities pursuant to the RMAs. Neither the Summary Judgment nor the majority opinion examine whether the conditions for which HANO was being held liable were the results of actions or inactions by the RMCs in their respective capacities as managers under the RMAs. These omissions by the district court and the majority opinion are applicable to a determination of HANO's liability and raise genuine issues of material fact, which preclude a summary judgment.

To prevail on a breach of contract claim, the plaintiff must prove by a preponderance of the evidence: 1) the defendant owed the plaintiff an obligation; 2) the defendant failed to perform the obligation; and 3) the defendant's failure to perform caused damage to the plaintiff. *Favrot v. Favrot*, 10-0986, pp. 14-15 (La. App. 4 Cir. 2/9/11); 68 So.3d 1099, 1108-09. The record shows that mold growth can be influenced by a variety of factors, including structural issues (poor ventilation or water leaks) and lack of routine maintenance (minor leaks or

2

dampness). Both types of failures – extraordinary and routine maintenance – can collectively contribute to a mold problem. For example, structural defects (HANO's alleged responsibility) may have created conditions conducive to mold growth, while inadequate routine care (the RMCs' alleged responsibility) may have exacerbated or failed to mitigate the issue. This complexity, coupled with the microscopic nature of mold, makes it challenging to pinpoint a single cause, which creates genuine issues of material fact not conducive to a summary judgment proceeding. The responsibilities of the tenants, HANO, and the RMCs overlap or interact, further complicating a causation analysis in a motion for summary judgment proceeding.